UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:18-cv-04007-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 13, 14 |

Plaintiff Coleman challenges a decision by a Social Security Administration ("SSA") administrative law judge ("ALJ") that denied, in part, his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The parties filed cross-motions for summary judgment. Dkt. Nos. 13, 14. Plaintiff also filed a reply brief in opposition to defendant's cross-motion and in support of his motion for summary judgment. Dkt. No. 16. Plaintiff's motion is granted, and the case is remanded to the SSA for further proceedings consistent with this order. Defendant's motion is denied.

In a decision dated June 7, 2017, the ALJ found that Coleman suffers from a number of severe physical and mental impairments, including anxiety disorder, depressive disorder, diabetes mellitus, peripheral arterial disease, recurrent low back strain/sprain, degenerative arthritis of the left shoulder and a frozen left shoulder. Administrative Record ("AR") 13. However, the ALJ concluded that Coleman was not disabled until February 7, 2017, when worsening physical symptoms necessitated the use of a cane. AR 19, 21. After this date, the ALJ determined that "a finding of 'disabled' is directed by Medical-Vocational Rule 202.04." AR 21.

The ALJ decided that Medical-Vocational Rule 202.04 did not direct a finding of disabled before February 7, 2017, because he found Coleman was capable of medium work, as defined in

20 C.F.R. § 416.967(c), before that date. AR 15. The Medical-Vocational Rule requires that a claimant of Coleman's age, education and previous work experience be found disabled if he has a residual functional capacity ("RFC") limited to light work as a result of medically determinable impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 2. In relevant part, light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

In our circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not supported by substantial evidence or it is based on legal error" that is not harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation and citation omitted). In this case, the ALJ's decision suffers from legal error that is not harmless.

The ALJ erred by failing to provide specific and legitimate reasons, supported by substantial evidence in the record, for according more weight to the opinions of Dr. K. Rudito and Dr. A. Ahmed, who never examined Coleman, and Dr. Eugene McMillan, a medical consultant, than that of Dr. H. Geoffrey Watson, Coleman's treating physician. Our circuit distinguishes among the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; and (3) nonexamining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). As a general rule, more weight is given to the opinion of a treating physician than to that of an examining physician, and more weight in turn is given to the opinion of an examining physician than to that of a nonexamining physician. *Id.* Even where, as here, a treating physician's opinion is contradicted by another doctor, the Commissioner may not fail to give a treating physician's opinion substantial weight without providing specific and legitimate reasons supported by substantial evidence in the record for doing so. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ can meet that burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (internal quotation and citation omitted).

In this case, the ALJ only assigned "partial weight to the medical source statements completed by the claimant's treated [sic] medical care providers." AR 18. The ALJ's rejection of

2

1  Coleman's treating physicians, including Dr. Watson, was remarkably terse. The ALJ argued that
2  all these medical opinions were "overly restrictive, not accompanied by any treatment notes and
3  are not consistent with the evidence as a whole." AR 18. Dismissing Dr. Watson's medical
4  opinion as "overly restrictive" was error because "boilerplate language that fails to offer a
5  substantive basis" for the conclusion is not a specific and legitimate reason to reject the opinion of
6  a treating physician. *Garrison*, 759 F.3d at 1013. The ALJ also erred in concluding that Dr.
7  Watson's opinion was not based on treatment records, since Dr. Watson's treatment records and
8  test results are in the administrative record. AR 368-92. Our circuit has held that when "the
9  opinions expressed in check-box form . . . were based on significant experience with [the
10 claimant] and supported by numerous records, [they] were therefore entitled to weight that an
11 otherwise unsupported and unexplained checkbox would not merit." *Garrison*, 759 F.3d at 1012-
12 13. And the ALJ's unadorned conclusion that Dr. Watson's medical opinion was "not consistent
13 with the evidence as a whole," does not constitute "a detailed and thorough summary of the facts
14 and conflicting clinical evidence." *Thomas*, 278 F.3d at 957.
15       This error was not harmless. Our circuit has explained that an error is only harmless
16 "when it was clear from the record that an ALJ's error was inconsequential to the ultimate
17 nondisability determination." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)
18 (internal quotation and citation omitted). As the ALJ's decision and Commissioner's summary
19 judgment motion recognized, Coleman was eligible for disability benefits whenever he became
20 able only to perform light work. AR 21; Dkt. No. 14 at 1. Dr. Watson's medical opinion was that
21 as of February 2015, Coleman could only lift 20 pounds occasionally. AR 435. Under the SSA's
22 regulations, this would mean he was only capable of light work. 20 C.F.R. § 416.967(b). But the
23 ALJ instead gave great weight to the opinions of nonexamining physicians Dr. Rudito and Dr.
24 Ahmed, and consulting physician Dr. McMillan, who all opined that Coleman could occasionally
25 lift 50 pounds and, accordingly, could perform medium work as defined in 20 C.F.R. §
26 416.967(c). AR 16, 17, 76, 91, 342. The Court consequently cannot say that the ALJ's error in
27 weighing Dr. Watson's medical opinion was harmless. Because this alone is sufficient for
28 remand, the Court declines to reach Coleman's other arguments of error in the ALJ's decision.

Coleman asks that the Court direct the granting of benefits under the credit-as-true rule. Dkt. No. 13 at 24-25; Dkt. No. 16 at 15. But because the record as a whole does not compel a finding of disability, and in fact raises "serious doubt" as to whether Coleman was actually disabled within the meaning of the Social Security Act prior to February 7, 2017, the appropriate remedy here is remand. *Garrison*, 759 F.3d at 1021; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1107 (9th Cir. 2014). Consequently, the Court remands the case to the SSA for further proceedings to determine Coleman's eligibility for benefits in a manner consistent with this opinion.

**IT IS SO ORDERED.**

Dated: September 26, 2019

JAMES DONATO
United States District Judge